IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONNIE ODELL PARKER,                    :

    Plaintiff,                          :

vs.                                     :   CIVIL ACTION 11-0685-CG-M

RAYMOND J. HAWTHORNE,                   :

    Defendant.                          :


<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama prison inmate who is proceeding <u>pro se</u>, filed an action under 42 U.S.C. § 1983.  This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), is recommended to be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff is incarcerated at the Elmore Correctional Facility in Elmore, Alabama, which is in the Middle District of Alabama.  Plaintiff names Defendant Raymond Hawthorne whose address is 418 Scott Street, Montgomery, Alabama, which is in the Middle District of Alabama.  Plaintiff alleges that Defendant gave Plaintiff an Employment Contract to represent Plaintiff, and Plaintiff gave Defendant a sum of $2,050.00 to represent him (Doc. 1, pp. 4-5).  Plaintiff then decided that he

did not want Defendant to represent him, and, therefore, did not

sign the Employment Contract (Doc. 1, pp. 4, 7).  Defendant did

not refund Plaintiff the full amount of the fee but only

refunded $1,000.00 (Doc. 1, pp. 4-5).  Plaintiff sues Defendant

for malpractice, negligence, and deprivation of property (Doc.

1, p. 5).  Plaintiff does not specify where these events took

place.  No witnesses are present in the Southern District of

Alabama, Plaintiff is not incarcerated in the Southern District

of Alabama, and it does not appear likely that the events took

place in the Southern District of Alabama.  Thus, Plaintiff's

Complaint reveals no connection to the Southern District of

Alabama.

> A § 1983 action may be brought in
>
> (1) a judicial district where any defendant resides,
> if all defendants reside in the same State, (2) a
> judicial district in which a substantial part of the
> events or omissions giving rise to the claim occurred,
> or a substantial part of property that is the subject
> of the action is situated, or (3) a judicial district
> in which any defendant may be found, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933

F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue

provisions to a § 1983 action).  But, when venue is not proper in

the district of filing, a district court may transfer the

action, in the interest of justice, to any other district or

2

division where the action might have been brought.  28 U.S.C. §
1406(a).

For the reasons set out above, venue is lacking in this
District and appears to be proper in the Middle District.
Considering Plaintiff's <u>pro</u> <u>se</u> status, it is recommended, in the
interest of justice, that Plaintiff's action be transferred to
the United States District Court for the Middle District of
Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding
objections to the report and recommendation.

**DONE** this 15th day of February, 2012.

**s/BERT. W. MILLING, JR.**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.